# EXHIBIT E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| MEDICAL MUTUAL INSURANCE COMPANY OF NORTH CAROLINA, Plaintiff, | )<br>)<br>)<br>) |
| v. | ) Case No.: 19:cv: 01601-LO-TCB |
| JONI J. JOHNSON, M.D., et al. Defendants. | )<br>)<br>)<br>) |

## JONI JOHNSON, M.D.'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Defendant Joni Johnson, M.D., by counsel, pursuant to Rule 34 of the Federal Rules of Civil Procedure hereby responds to Plaintiff's First Request for Admissions.

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Defendant objects to the definitions and instructions contained in the requests to the extent they are inconsistent with or beyond the scope of the rules of discovery as set forth in the Federal Rules of Civil Procedure or any Orders of this Court. In addition, Defendant objects to the definitions and instructions to the extent that they cause any request to seek documents protected by any applicable privileges, including but not limited to work product protection and the attorney-client privilege.

### GENERAL OBJECTIONS

Defendant responds to each and every request subject to the General Objections stated herein. These objections are set forth here to avoid duplication and repetition from having to restate them for each request. One or more of these General Objections are specifically referred to in response to each request for the purpose of clarity. When listed in response to each request, such General Objections are incorporated into the objections to each request as if fully set forth therein.

1. Defendant objects to each Request to the extent that it is vague, ambiguous, overly broad, or unduly burdensome.

2. Defendant objects to each Request to the extent that it purports to impose obligations beyond the scope of permissible discovery pursuant to the Federal Rules of Civil Procedure, the Local Rules of this Court, or orders entered in this litigation.

3. Defendant objects to each Request to the extent it seeks information that is not in the possession, custody or control of Defendant, her agents or employees.

4. Defendant objects to each Request to the extent it seeks confidential or proprietary documents or documents protected from disclosure by law, court order or agreement respecting confidentiality or non-disclosure.

5. Defendant objects to each Request to the extent it seeks information subject to the attorney-client privilege, a joint or common defense privilege or work-product protection. Defendant further objects to each Request to the extent that it seeks disclosure of the opinions, mental impressions, legal conclusions or legal theories of Defendant, her counsel or other representatives or documents prepared in anticipation of litigation, or for trial. One or more of these privileges extends to all documents generated after the institution of this litigation, and Defendant claims a blanket privilege with respect to all such documents, without the need to include them on a privilege log.

6. Defendant objects to each Request to the extent it seeks information not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

7. Defendant objects to each Request which seeks the identities of documents or material which cannot be provided by Defendant with substantially greater facility than could otherwise be provided by the requesting party.

8. Any ongoing investigation may continue to obtain further relevant information, if any, in Defendant's possession. Defendant reserves the right to supplement her responses to these Requests as information, if any, comes into her possession, custody or control.

9. Defendant objects to each Request which seeks information beyond the scope of the discovery permitted in this action. Defendant's responses and objections concerning any matters outside the scope of the discovery presently permitted in this action are not to be construed as a waiver of any of Defendant's rights, privileges and immunities with respect to the materials and subject matter referenced therein.

10. Defendant objects to each Request which seeks an exhaustive recitation of facts or production of documents to support her present contentions or speculate about future contentions prior to the completion of discovery. Defendant's present positions in this action will be set forth in motions and responses, and to the extent required has been or will be set forth in her pleadings.

11. Defendant objects to each Request to the extent it seeks information that would violate any constitutional, statutory or common law privacy interest of any current or former employee, representative or agent of Defendant.

12. Defendant objects to each Request to the extent it seeks information outside the scope of this action pursuant to the Court's Order staying or holding in abeyance certain causes of action asserted by Plaintiff, which Plaintiff maintains governs the scope of permissible discovery.

**REQUEST FOR ADMISSION NO. 1:** Admit that, in 2012, You founded PP4AL as a multidisciplinary clinic offering comprehensive medical, behavioral health, and cognitive/educational services to children.

**OBJECTION**: Dr. Johnson objects to this request for the reasons set forth in General Objections 1, 2, 6, 8, 9, 10, and 12.

**RESPONSE:** Subject to and without waiving the foregoing objection, Dr. Johnson admits that she founded PP4AL in 2012 and admits that the description of PP4AL and its services in the Request is substantively accurate.

**REQUEST FOR ADMISSION NO. 2:** Admit that Avery never provided You with any documentation of a license to practice as a psychologist in Virginia, including any "provisional license."

**OBJECTION:** Dr. Johnson objects to this request for the reasons set forth in General Objections 1, 2, 6, 8, 9, and 12.

**RESPONSE:** Subject to and without waiving the foregoing objection, admitted.

**REQUEST FOR ADMISSION NO. 3:** Admit that, after July 2014, PP4AL retained Avery as a fulltime health service provider with the title of Director of Cognition and Instruction.

**OBJECTION:** Dr. Johnson objects to this request for the reasons set forth in General Objections 1, 2, 6, 8, 9, and 12.

**RESPONSE:** Subject to and without waiving the foregoing objection, admitted that Defendant retained Avery for that purpose, but in fact Avery was not a health service provider, despite having held herself out as one.

**REQUEST FOR ADMISSION NO. 4:** Admit that, in her position as Director of Cognition and Instruction, Avery performed services as a psychologist, including administering testing to patients and engaging in counseling and therapy services.

**OBJECTION:** Dr. Johnson objects to this request for the reasons set forth in General Objections 1, 2, 6, 8, 9, and 12.

**RESPONSE:** Subject to and without waiving the foregoing objection, admitted that Avery performed such services, but in fact Avery was not a psychologist, despite having held herself out

4

as one.

**REQUEST FOR ADMISSION NO. 5:** Admit that in January 2017 You asked Avery about the status of her licensure to practice psychology in Virginia and she advised You that she did not believe she would be able to obtain permanent licensure.

**OBJECTION**: Dr. Johnson objects to this request for the reasons set forth in General Objections 1, 2, 6, 8, 9, and 12.

**RESPONSE**: Subject to and without waiving the foregoing objection, admitted that Dr. Johnson asked Avery about the status of her licensure to practice psychology in Virginia and she advised Dr. Johnson that she did not believe she would be able to obtain permanent licensure. As to the date of this conversation, Dr. Johnson believes it was in or around January 2017, and in any event prior to June 2017, but cannot admit the precise month in which it occurred.

**REQUEST FOR ADMISSION NO. 6:** Admit that in January 2017 You asked Avery about the status of her licensure and she did not respond to Your question as to why she would not be able to obtain permanent licensure.

**OBJECTION**: Dr. Johnson objects to this request for the reasons set forth in General Objections 1, 2, 6, 8, 9, and 12.

**RESPONSE:** Subject to and without waiving the foregoing objection, Dr. Johnson admits that she asked Avery about the status of her licensure. As to the date of this conversation, Dr. Johnson believes it was in or around January 2017, and in any event prior to June 2017, but cannot admit the precise month in which it occurred. The remaining averments in Request No. 6 are denied.

**REQUEST FOR ADMISSION NO. 7:** Admit that, prior to July 2017, Avery advised You that Avery did not think she could obtain permanent licensure from the District of Columbia.

**OBJECTION**: Dr. Johnson objects to this request for the reasons set forth in General Objections

5

1, 2, 6, 8, 9, and 12.

**RESPONSE**: Subject to and without waiving the foregoing objection, admitted.

Respectfully submitted,

JONI J. JOHNSON, M.D. and PEDIATRIC PARTNERS FOR ATTENTION AND LEARNING, INC.

By Counsel

Counsel:

s/ Marc A. Peritz
Marc A. Peritz, Esq. (VSB No. 39054)
Flora Pettit PC
530 East Main Street
PO Box 2057
Charlottesville, Virginia 22902
Telephone: (434) 979-1400
Fax: (434) 977-5109
E-mail: map@fplegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of September I sent this document by electronic mail to all counsel of record.

/s/ Marc A. Peritz
Counsel for Dr. Joni Johnson and PP4AL